**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| **ERICSSON INC. and**<br>**TELEFONAKTIEBOLAGET LM**<br>**ERICSSON,**<br><br>                    **Plaintiffs,**<br><br>          **v.**<br><br>**TCL COMMUNICATION TECHNOLOGY**<br>**HOLDINGS, LTD., TCT MOBILE LIMITED,**<br>**and TCT MOBILE (US), INC.,**<br><br>                    **Defendants.** | **CIVIL ACTION NO. 2:15-cv-11**<br><br>**JURY TRIAL DEMANDED** |

### ORIGINAL  COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Ericsson Inc. and Telefonaktiebolaget LM Ericsson (together, "Ericsson") file this Original Complaint for Patent Infringement against TCL Communication Technology Holdings, Inc., TCT Mobile Limited, and TCT Mobile (US), Inc. (collectively, "TCL"), and allege as follows:

### THE PARTIES

1.     Plaintiff Ericsson Inc. is a Delaware corporation with its principal place of business at 6300 Legacy Drive, Plano, Texas 75024.

2.     Plaintiff Telefonaktiebolaget LM Ericsson is a corporation organized under the laws of the Kingdom of Sweden with its principal place of business at Torshamnsgatan 21, Kista, 164 83, Stockholm, Sweden.

3.      Ericsson owns a valuable portfolio of patents that are globally used to implement mobile telecommunication standards in cellular handsets, smartphones, tablet computers, televisions, and many other electronic devices.

4.      Upon information and belief, Defendant TCL Communication Technology Holdings, Ltd. is a Chinese company with its principal place of business at 15/F, TCL Tower, Gaoxin Nan Yi Road, Nanshan District, Shenzhen, Guangdong, P.R.C. TCL Communication Technology Holdings, Ltd. is one of four business units of its parent, TCL Corporation, which is also based in Shenzhen, P.R.C.

5.      Upon information and belief, Defendant TCT Mobile Limited (previously named T&A Mobile Phones Limited) is a wholly-owned subsidiary of TCL. TCT Mobile Limited is a company established under the laws of Hong Kong, having its registered office at Room 1520, Tower 6, China Hong Kong City, 33 Canton Road, Tsimshatsui, Kowloon, Hong Kong.

6.      Upon information and belief, Defendant TCT Mobile (US), Inc. is a Delaware corporation and wholly-owned subsidiary of TCL, with its principal place of business at 25 Edelman, Irvine, California 92618. Upon information and belief, TCT Mobile US is directly involved in the sale of mobile devices under TCL's "Alcatel OneTouch" brand in the United States.

7.      Upon information and belief, TCL designs, manufactures, uses, imports into the United States, sells, and/or offers for sale in the United States mobile and internet products under two brands—"Alcatel OneTouch" and "TCL." TCL offers for sale, and/or sells smartphones and other mobile devices throughout the United States, including within this District.

2

## JURISDICTION AND VENUE

8.      This is an action arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq.* This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1338(a).

9.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b), (c) and (d), and 1400(b).

10.     This Court has personal jurisdiction over TCL. TCL has continuous and systematic business contacts with the State of Texas. TCL, directly or through subsidiaries or intermediaries (including distributors, retailers, and others), conducts its business extensively throughout Texas, by shipping, distributing, offering for sale, selling, and advertising (including the provision of an interactive web page) its products and/or services in the State of Texas and the Eastern District of Texas. TCL maintains its authorized warranty repair center for the United States in Richardson, Texas. TCL, directly and through subsidiaries or intermediaries (including distributors, retailers, and others), has purposefully and voluntarily placed one or more of its infringing products and/or services into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in the Eastern District of Texas. These infringing products and/or services have been and continue to be purchased and used by consumers in the Eastern District of Texas. TCL has committed acts of patent infringement within the State of Texas and, more particularly, within the Eastern District of Texas.

## THE ERICSSON PATENTS-IN-SUIT

11.     United States Letters Patent No. 6,418,310 (the '310 Patent), entitled "Wireless Subscriber Terminal Using Java Control Code," was duly and legally issued to inventor Paul Dent on July 9, 2002. The '310 patent covers inventions relating to a control

processor in a wireless phone that includes a ROM-stored control program written in the JAVA language. Ericsson owns by assignment the entire right, title, and interest in the '310 Patent and is entitled to sue for past and future infringement.

12.     United States Letters Patent No. 6,029,052 (the '052 Patent), entitled "Multiple-Mode Direct Conversion Receiver," was duly and legally issued to inventors Martin Isberg, Bjorn Lindquist, Peter Jakobsson, Jan Celander, Kjell Gustafsson, Lars-Peter Kunkel, Torsten Carlsson, and Jacob Mannerstrale on February 22, 2000. The '052 patent covers inventions relating to a multiple-mode receiver incorporating direct conversion rather than superheterodyne circuitry. Ericsson owns by assignment the entire right, title, and interest in the '052 Patent and is entitled to sue for past and future infringement.

13.     United States Letters Patent No. RE 43,931 (the '931 Patent), entitled "Radiotelephones Having Contact-Sensitive User Interfaces and Methods of Operating Same," was duly and legally issued to inventors John Joseph Hayes, Jr., and Curtis Wayne Thornton on January 15, 2013. The '931 patent covers inventions relating to a wireless phone that includes a contact-sensitive user interface such as a touchscreen. Ericsson owns by assignment the entire right, title, and interest in the '931 Patent and is entitled to sue for past and future infringement.

14.     United States Letters Patent No. 7,149,510 (the '510 Patent), entitled "Security Access Manager in Middleware," was duly and legally issued to inventors Jonas Hansson and Bjorn Bjare on December 12, 2006. The '510 patent covers inventions relating to middleware for controlling access to a platform for a mobile terminal. Ericsson

owns by assignment the entire right, title, and interest in the '510 Patent and is entitled to sue for past and future infringement.

15.     United States Letters Patent No. 6,535,815 (the '815 Patent), entitled "Position Updating Method for a Mobile Terminal Equipped With a Positioning Receiver," was duly and legally issued to inventors Leland Scott Bloebaum on March 18, 2003. The '815 patent covers inventions relating to providing location estimates on a mobile device. Ericsson owns by assignment the entire right, title, and interest in the '815 Patent and is entitled to sue for past and future infringement.

16.     TCL has imported into the United States, manufactured, used, marketed, offered for sale, and/or sold in the United States, smartphones and other devices for use in a mobile communications networks that infringe the '310, '052, '931, '510, and '815 patents (collectively, the Ericsson Patents-in-Suit), or induce or contribute to the infringement of the Ericsson Patents-in Suit.

17.     Ericsson placed TCL on actual notice of the '310, '052, and '931 Patents as least as early as October 7, 2014. Ericsson placed TCL on actual notice of the '510 and '815 Patents as least as early as October 21, 2014. Despite such notice, TCL continues to import into, market, offer for sale, and/or sell in the United States products that infringe the Ericsson Patents-in-Suit.

**COUNT I.**

**<u>CLAIM FOR PATENT INFRINGEMENT OF THE '310 PATENT</u>**

18.     Ericsson repeats and realleges the allegations in paragraphs 1-17 as if fully set forth herein.

19.     TCL has infringed, contributed to the infringement of, and/or induced infringement of the '310 Patent by making, using, selling, offering for sale, or importing

5

into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the '310 Patent including, but not limited to, smartphones and other mobile devices. The accused wireless communication devices that infringe one or more claims of the '310 Patent include, but are not limited to, at least the Alcatel OneTouch Fierce.

20.     For example, at least the Alcatel OneTouch Fierce infringes one or more claims of the '310 Patent. TCL makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States these devices and thus directly infringes the '310 Patent.

21.     TCL indirectly infringes the '310 Patent as provided in 35 U.S.C. § 271(b) by inducing infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States. For example, direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce, who each perform all steps of the claimed invention. TCL received actual notice of the '310 Patent at least by October 7, 2014.

22.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce, causing the Alcatel OneTouch Fierce to be manufactured, and providing instruction manuals for the Alcatel OneTouch Fierce induced TCL's manufacturers, resellers and end-users to make or use the Alcatel OneTouch Fierce in their normal and customary way to infringe the '310 Patent. Through its manufacture and sales of the Alcatel OneTouch Fierce, TCL specifically intended its resellers and manufacturers to infringe the '310 Patent; further, TCL was aware that these normal and customary activities would infringe the '310 Patent. Moreover, TCL's affirmative acts of selling the Alcatel OneTouch Fierce and providing

instruction manuals induced the end-users of the Alcatel OneTouch Fierce to use the Alcatel OneTouch Fierce in their normal and customary way to infringe the '310 Patent. TCL performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '310 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

23.     TCL also indirectly infringes the '310 Patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce in their intended use. TCL received actual notice of the '310 Patent at least by October 7, 2014.

24.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce and causing the Alcatel OneTouch Fierce to be manufactured and sold contribute to TCL's manufacturers, resellers, and end-users making or using the Alcatel OneTouch Fierce in their normal and customary way to infringe the '310 Patent. The Alcatel OneTouch Fierce is material to the invention, has no substantial non-infringing uses, and is known by TCL to be especially made or especially adapted for use in an infringement of the '310 Patent.

## COUNT II.

## CLAIM FOR PATENT INFRINGEMENT OF THE '052 PATENT

25.     Ericsson repeats and realleges the allegations in paragraphs 1-24 as if fully set forth herein.

26.     TCL has infringed, contributed to the infringement of, and/or induced infringement of the '052 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or

7

sell in the United States, products and/or methods covered by one or more claims of the '052 Patent including, but not limited to, smartphones and other mobile devices. The accused wireless communication devices that infringe one or more claims of the '052 Patent include, but are not limited to, at least the Alcatel OneTouch Evolve.

27.     For example, at least the Alcatel OneTouch Evolve infringes one or more claims of the '052 Patent. TCL makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States these devices and thus directly infringes the '052 Patent.

28.     TCL indirectly infringes the '052 Patent as provided in 35 U.S.C. § 271(b) by inducing infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States. For example, direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Evolve, who each perform all steps of the claimed invention. TCL received actual notice of the '052 Patent at least by October 7, 2014.

29.     TCL's affirmative acts of selling the Alcatel OneTouch Evolve, causing the Alcatel OneTouch Evolve to be manufactured, and providing instruction manuals for the Alcatel OneTouch Evolve induced TCL's manufacturers, resellers and end-users to make or use the Alcatel OneTouch Evolve in their normal and customary way to infringe the '052 Patent. Through its manufacture and sales of the Alcatel OneTouch Evolve, TCL specifically intended its resellers and manufacturers to infringe the '052 Patent; further, TCL was aware that these normal and customary activities would infringe the '052 Patent. Moreover, TCL's affirmative acts of selling the Alcatel OneTouch Evolve and providing instruction manuals induced the end-users of the Alcatel OneTouch Evolve to use the

Alcatel OneTouch Evolve in their normal and customary way to infringe the '052 Patent. TCL performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '052 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

30.     TCL also indirectly infringes the '052 Patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Evolve in their intended use. TCL received actual notice of the '052 Patent at least by October 7, 2014.

31.     TCL's affirmative acts of selling the Alcatel OneTouch Evolve and causing the Alcatel OneTouch Evolve to be manufactured and sold contribute to TCL's manufacturers, resellers, and end-users making or using the Alcatel OneTouch Evolve in their normal and customary way to infringe the '052 Patent. The Alcatel OneTouch Evolve is material to the invention, has no substantial non-infringing uses, and is known by TCL to be especially made or especially adapted for use in an infringement of the '052 Patent.

## COUNT III.

### CLAIM FOR PATENT INFRINGEMENT OF THE '931 PATENT

32.     Ericsson repeats and realleges the allegations in paragraphs 1-31 as if fully set forth herein.

33.     TCL has infringed, contributed to the infringement of, and/or induced infringement of the '931 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the

'931 Patent including, but not limited to, smartphones and other mobile devices with contact-sensitive user interfaces. The accused wireless communication devices that infringe one or more claims of the '931 Patent include, but are not limited to, at least the Alcatel OneTouch Fierce.

34.     For example, at least the Alcatel OneTouch Fierce infringes one or more claims of the '931 Patent. TCL makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States these devices and thus directly infringes the '931 Patent.

35.     TCL indirectly infringes the '931 Patent as provided in 35 U.S.C. § 271(b) by inducing infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States. For example, direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce, who each perform all steps of the claimed invention. TCL received actual notice of the '931 Patent at least as of October 7, 2014.

36.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce, causing the Alcatel OneTouch Fierce to be manufactured, and providing instruction manuals for the Alcatel OneTouch Fierce induced TCL's manufacturers, resellers and end-users to make or use the Alcatel OneTouch Fierce in their normal and customary way to infringe the '931 Patent. Through its manufacture and sales of the Alcatel OneTouch Fierce, TCL specifically intended its resellers and manufacturers to infringe the '931 Patent; further, TCL was aware that these normal and customary activities would infringe the '931 Patent. Moreover, TCL's affirmative acts of selling the Alcatel OneTouch Fierce and providing instruction manuals induced the end-users of the Alcatel OneTouch Fierce to use the

Alcatel OneTouch Fierce in their normal and customary way to infringe the '931 Patent. TCL performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '931 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

37.     TCL also indirectly infringes the '931 Patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce in their intended use. TCL received actual notice of the '931 Patent at least by October 7, 2014.

38.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce and causing the Alcatel OneTouch Fierce to be manufactured and sold contribute to TCL's manufacturers, resellers, and end-users making or using the Alcatel OneTouch Fierce in their normal and customary way to infringe the '931 Patent. The Alcatel OneTouch Fierce is material to the invention, has no substantial non-infringing uses, and is known by TCL to be especially made or especially adapted for use in an infringement of the '931 Patent.

## COUNT IV.

### CLAIM FOR PATENT INFRINGEMENT OF THE '815 PATENT

39.     Ericsson repeats and realleges the allegations in paragraphs 1-38 as if fully set forth herein.

40.     TCL has infringed, contributed to the infringement of, and/or induced infringement of the '815 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the

'815 Patent including, but not limited to, smartphones and other mobile devices with location-based services. The accused wireless communication devices that infringe one or more claims of the '815 Patent include, but are not limited to, at least the Alcatel OneTouch Fierce.

41.     For example, at least the Alcatel OneTouch Fierce infringes one or more claims of the '815 Patent. TCL makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States these devices and thus directly infringes the '815 Patent.

42.     TCL indirectly infringes the '815 Patent as provided in 35 U.S.C. § 271(b) by inducing infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States. For example, direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce, who each perform all steps of the claimed invention. TCL received actual notice of the '815 Patent at least as of October 21, 2014.

43.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce, causing the Alcatel OneTouch Fierce to be manufactured, and providing instruction manuals for the Alcatel OneTouch Fierce induced TCL's manufacturers, resellers and end-users to make or use the Alcatel OneTouch Fierce in their normal and customary way to infringe the '815 Patent. Through its manufacture and sales of the Alcatel OneTouch Fierce, TCL specifically intended its resellers and manufacturers to infringe the '815 Patent; further, TCL was aware that these normal and customary activities would infringe the '815 Patent. Moreover, TCL's affirmative acts of selling the Alcatel OneTouch Fierce and providing instruction manuals induced the end-users of the Alcatel OneTouch Fierce to use the

Alcatel OneTouch Fierce in their normal and customary way to infringe the '815 Patent. TCL performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '815 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

44.    TCL also indirectly infringes the '815 Patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce in their intended use. TCL received actual notice of the '815 Patent at least by October 21, 2014.

45.    TCL's affirmative acts of selling the Alcatel OneTouch Fierce and causing the Alcatel OneTouch Fierce to be manufactured and sold contribute to TCL's manufacturers, resellers, and end-users making or using the Alcatel OneTouch Fierce in their normal and customary way to infringe the '815 Patent. The Alcatel OneTouch Fierce is material to the invention, has no substantial non-infringing uses, and is known by TCL to be especially made or especially adapted for use in an infringement of the '815 Patent.

**COUNT V.**

**<u>CLAIM FOR PATENT INFRINGEMENT OF THE '510 PATENT</u>**

46.    Ericsson repeats and realleges the allegations in paragraphs 1-45 as if fully set forth herein.

47.    TCL has infringed, contributed to the infringement of, and/or induced infringement of the '510 Patent by making, using, selling, offering for sale, or importing into the United States, or by intending that others make, use, import into, offer for sale, or sell in the United States, products and/or methods covered by one or more claims of the

'510 Patent including, but not limited to, smartphones and other mobile devices using the Android operating system. The accused wireless communication devices that infringe one or more claims of the '510 Patent include, but are not limited to, at least the Alcatel OneTouch Fierce.

48.     For example, at least the Alcatel OneTouch Fierce infringes one or more claims of the '510 Patent. TCL makes, uses, sells, offers for sale, imports, exports, supplies and/or distributes within the United States these devices and thus directly infringes the '510 Patent.

49.     TCL indirectly infringes the '510 Patent as provided in 35 U.S.C. § 271(b) by inducing infringement by others, such as resellers and end-user customers, in this District and elsewhere in the United States. For example, direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce, who each perform all steps of the claimed invention. TCL received actual notice of the '510 Patent at least as of October 21, 2014.

50.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce, causing the Alcatel OneTouch Fierce to be manufactured, and providing instruction manuals for the Alcatel OneTouch Fierce induced TCL's manufacturers, resellers and end-users to make or use the Alcatel OneTouch Fierce in their normal and customary way to infringe the '510 Patent. Through its manufacture and sales of the Alcatel OneTouch Fierce, TCL specifically intended its resellers and manufacturers to infringe the '510 Patent; further, TCL was aware that these normal and customary activities would infringe the '510 Patent. Moreover, TCL's affirmative acts of selling the Alcatel OneTouch Fierce and providing instruction manuals induced the end-users of the Alcatel OneTouch Fierce to use the

Alcatel OneTouch Fierce in their normal and customary way to infringe the '510 Patent. TCL performed the acts that constitute induced infringement, and would induce actual infringement, with knowledge of the '510 Patent and with knowledge or willful blindness that the induced acts would constitute infringement.

51.     TCL also indirectly infringes the '510 Patent by contributing to infringement by others, such as resellers and end-user customers, in accordance with 35 U.S.C. § 271(c) in this District and elsewhere in the United States. Direct infringement is the result of activities performed by manufacturers, resellers, and end-users of the Alcatel OneTouch Fierce in their intended use. TCL received actual notice of the '510 Patent at least by October 21, 2014.

52.     TCL's affirmative acts of selling the Alcatel OneTouch Fierce and causing the Alcatel OneTouch Fierce to be manufactured and sold contribute to TCL's manufacturers, resellers, and end-users making or using the Alcatel OneTouch Fierce in their normal and customary way to infringe the '510 Patent. The Alcatel OneTouch Fierce is material to the invention, has no substantial non-infringing uses, and is known by TCL to be especially made or especially adapted for use in an infringement of the '510 Patent.

## DEMAND FOR JURY TRIAL

Ericsson hereby demands a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Ericsson respectfully requests that this Court enter judgment in its favor and grant the following relief:

A.     Adjudge that TCL infringes the Ericsson Patents-in-Suit;

B.      Adjudge that TCL's infringement of the Ericsson Patents-in-Suit was willful, and that TCL's continued infringement of the Ericsson Patents-in-Suit is willful;

C.      Award Ericsson damages in an amount adequate to compensate Ericsson for TCL's infringement of the Ericsson Patents-in-Suit, but in no event less than a reasonable royalty under 35 U.S.C. § 284;

D.      Award enhanced damages pursuant to 35 U.S.C. § 284;

E.      Award Ericsson pre-judgment and post-judgment interest to the full extent allowed under the law, as well as its costs;

F.      Enter an order finding that this is an exceptional case and awarding Ericsson its reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

G.      Enter a permanent injunction against all TCL products found to infringe the Ericsson Patents-in-Suit;

H.      Award, in lieu of an injunction, a compulsory forward royalty;

I.      Order an accounting of damages; and

J.      Award such other relief as the Court may deem appropriate and just under the circumstances.

Dated: January 8, 2014

Respectfully submitted,

**MCKOOL SMITH, P.C.**

By: _/s/ Theodore Stevenson, III_
Theodore Stevenson, III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
Nicholas Mathews
Texas Bar No. 24085457
nmathews@mckoolsmith.com
Warren Lipschitz
Texas State Bar No. 24078867
wlipschitz@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas  75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Fax: (903) 927-2622

Laurie Fitzgerald
Texas State Bar No. 24032339
lfitzgerald@mckoolsmith.com
300 West 6th Street, Suite 1700
Austin, Texas 78701
Telephone:  (512) 692-8700
Telecopier:  (512) 692-8744

**ATTORNEYS  FOR PLAINTIFFS
ERICSSON INC. and
TELEFONAKTIEBOLAGET LM
ERICSSON**