# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>Plaintiff,<br><br>v.<br><br>TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., TCT MOBILE LIMITED, AND TCT MOBILE (US), INC.,<br><br>Defendant. | Civil Action No. 2:15-cv-00011-RSP<br><br>JURY TRIAL |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS**

I.  **INTRODUCTION**

TCL seeks to amend its invalidity contentions to add three new references more than five months after its May 8, 2015 P.R. 3-3 and 3-4 deadline. TCL's motion comes after the parties have completed the claim construction briefing and hearing and roughly one month before the end of fact discovery. TCL attempts to blame its unreasonably late disclosure on Ericsson, pointing to Ericsson's responses to TCL interrogatories and alleged failure to agree to reduce claims pursuant to the Model Order.[1] But TCL did not serve its conception date interrogatory or propose that the parties adopt the Model order until *after* TCL's P.R. 3-3 deadline. Notably absent from TCL's motion is any explanation for why it was unable to locate these three publicly available patents before its P.R. 3-3 deadline.

TCL relies on only two cases in support of its motion: *Arbitron v. Int'l Demographics Inc., et al.*, an inapposite decision regarding the identification of a new indefiniteness claim before the start of claim construction briefing, and *Computer Acceleration Corp. v. Microsoft*, a case in which the defendant notified plaintiff of newly discovered art little more than 30 days after the P.R. 3-3 deadline—not five months after the deadline as here. *Arbitron*, Civil Action No. 2:06-CV-434, Dkt. 86 (E.D. Tex. Oct. 29, 2008) (Lipschitz Dec. Ex. 9); *Computer Acceleration*, 481 F. Supp. 2d 620 (E.D. Tex. 2007). The facts of this case are much closer to (but even worse for movant than) those in *Innovative Display Techs. v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 83196, at *5 (E.D. Tex. June 19, 2014), where Judge Gilstrap denied leave to amend because the defendants "failed to explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions." *Id*; *see also id*. at *5-6 (explaining "that it took Defendants more time beyond the

---

[1] Notably, the Model Order is now in place in this case and Ericsson has fully complied with its obligations therein.

1

original deadline to find these new arts, in and of itself, is no excuse for a late supplementation. To hold otherwise would render the explanation for the party's failure to meet the deadline a non-factor.") TCL's motion should be denied for the same reasons that this Court denied the defendants' motion in *Acer*. *See also MacroSolve, Inc. v. Antenna Software, Inc.*, No. 6:11-cv-287-MHS-JDL, 2013 U.S. Dist. LEXIS 102954, at *13 (E.D. Tex. July 23, 2013) (denying leave to amend because defendant did not "provide any reasons for the five-month delay between [plaintiff] supplementing its infringement contentions and [defendant] seeking leave to amend the invalidity contentions . . . .").

## II. ARGUMENT

A party's invalidity contentions are deemed to be final unless amendment or supplementation is permitted by the Local Patent Rules. *Acer*, 2014 U.S Dist. LEXIS 83196, at *3; P.R. 3-6. In limited circumstances, not present here, amendment of invalidity contentions is permitted as of right, but otherwise amendment "may be made only by order of the Court, which shall be entered only upon a showing of good cause." *Acer*, 2014 U.S Dist. LEXIS 83196, at *3. When determining whether a party has demonstrated good cause, courts consider: "(1) the explanation for the party's failure to meet the deadline; (2) the importance of the amendment; (3) potential prejudice from allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id*. at 3-4 (citing *S&W Enters., LLC v. SouthTrust Bank of Alabama*, 315 F.3d 533, 536 (5th Cir. 2003)). TCL's motion fails to meet its burden of establishing good cause under these factors.

### A. TCL FAILS TO EXPLAIN WHY IT FAILED TO MEET THE P.R. 3-3 DEADLINE

TCL's motion fails to provide justification for its inability to locate the three publicly available patents before its May 8, 2015 deadline. Rather, TCL blamed Ericsson, arguing that (1)

2

Ericsson did not reduce the number of asserted claims until the Court entered the Model Order (even though Ericsson was not required to do so), (2) Ericsson did not identify a conception date in its P.R. 3-1(e) disclosure (even though Ericsson was not required to do so), and (3) Ericsson answered TCL's interrogatory requesting date of conception after its P.R. 3-3 deadline (even though TCL did not serve this interrogatory until after its P.R. 3-3 deadline). TCL hopes to divert the Court's attention from the fact that TCL could have located these references earlier, and for no good reason, failed to do so.

First, TCL cannot reasonably point to the parties' adoption of the Model Order as the cause for its lack of diligence. TCL argues Ericsson's "unreasonable refusal to limit its asserted claims in keeping with the Court's Model Order until claim construction briefing had begun" was the cause of TCL's inability to locate these references, but the Model Order does not contemplate the plaintiff reducing claims before the defendants P.R. 3-3 deadline; it proposes that the plaintiff reduce claims by the *completion* of claim construction discovery, well after the P.R. 3-3 deadline. *See* (Lipschitz Dec. Ex. 1). Further, TCL did not propose that the parties adopt the Model Order until June 2, 2015, nearly a month *after* TCL's deadline to serve invalidity contentions. (Lipschitz Dec. Ex. 5, p.2).

Second, contrary to TCL's argument, Ericsson was not required to identify the *conception* date for the '931 patent in its P.R. 3-1(e) disclosure; it was required to (and did) identify the priority date of the earlier application to which the '931 patent claims priority. TCL conveniently omits in its motion the following italicized language from its quotation of P.R. 3-1(e): "*For any patent that claims priority to an earlier application,* the priority date to which each asserted claim allegedly is entitled." P.R. 3-1(e) (emphasis added). In *EMG Tech., LLC v. Chrysler Group, LLC*, the Court addressed this very issue and held that P.R. 3-1(e) required the

3

plaintiff to identify the priority date of the earlier application, not the conception date of the invention. No. 6:12-CV-259, 2013 U.S. Dist. LEXIS 189413 (E.D. Tex. July 3, 2013). Ericsson did just that for the '931 patent, identifying the filing date of the '931 patent's parent application, December 30, 1997, in its P.R. 3-1(e) disclosure. (Lipschitz Dec. Ex. 2, p. 4).

Third, TCL's reliance on an Ericsson supplemental interrogatory response identifying a February 19, 1997 conception date fails to explain TCL's delay. As an initial matter, TCL cannot claim reliance on Ericsson's interrogatory response for preparing its prior art searches, as TCL did not serve this interrogatory until after its P.R. 3-3 deadline. (Lipschitz Dec. Ex. 4, p. 4). Further, the three patents TCL hopes to add would have been prior art under either the filing date identified in Ericsson's P.R. 3-1(e) disclosure (December 30, 1997) or Ericsson's contended February 19, 1997 conception date. The late prior art references should have been identified by TCL in its initial search. Indeed, TCL's timely invalidity contentions identified 12 references and devices with purported priority dates before February 19, 1997 and many predate the priority dates of the newly identified prior art references.

### B. TCL FAILS TO DEMONSTRATE THE IMPORTANCE OF ITS PROPOSED AMENDMENT

TCL's claim that these late references are "vital" and "critical" does nothing to establish any particular importance of these newly identified prior art references because TCL similarly asserts that 12 of its timely-disclosed references also anticipate the '931 patent. (Lipschitz Dec. Ex. 3, pp. 7-8). Thus, even if TCL's motion to amend is denied, it will still have multiple invalidity arguments against the '931 patent. Further, TCL has failed to identify any substantive difference between the three late references and the twelve other references that allegedly predate Ericsson's claimed conception date. As explained in *Acer*, "the Court cannot determine the importance of the amendment based solely on zealous argument." *Acer*, 2014 U.S. Dist.

4

LEXIS 83196, at *6; *see also*, *id.* at *6-7 ("Nowhere in the motion did Defendants explain even the subject matter of the four new arts, much less how these arts, if supplemented to the original Infringement Contentions, would render a particular patent invalid . . . .").

### C. THE UNTIMELY ADDITION OF THREE NEW PRIOR ART REFERENCES AFTER THE COMPLETION OF CLAIM CONSTRUCTION WILL PREJUDICE ERICSSON

TCL brought this motion on October 9, 2015—well after the parties completed claim construction briefing and the Markman hearing. TCL argues that the parties resolved all claim construction disputes for the '931 patent after TCL sent Ericsson its amended invalidity contentions, but TCL fails to mention that it waited until after Ericsson served its opening claim construction brief to serve its amended invalidity contentions and then dropped all disputed terms. (Lipschitz Dec. Exs. 6-8).[2] Contrary to TCL's claim, Ericsson never had a chance to consider these new prior art references when formulating its claim construction positions. As acknowledged in *Acer*: "Although this Court does not base its claim construction on invalidity contentions, the parties' claim construction positions as a practical matter would be influenced by the scope and combinations of the specific prior arts disclosed in invalidity contentions." *Acer*, 2014 U.S. Dist. LEXIS 83196, at *7. In *Acer*, this Court denied Defendants motion for leave to amend their invalidity contentions two months *before* the Claim Construction Hearing. Here, TCL failed to file its motion until *after* the Claim Construction hearing.

TCL's reliance on *Arbitron* is misplaced. In *Arbitron*, the defendant requested leave to add indefiniteness arguments before claim construction briefing had begun and with 6 months left in discovery. *See Arbitron*, Civil Action No. 2:06-CV-434, Dkt. 86, at p. 1-2. TCL, on the

---

[2] TCL also argues that Ericsson has known about these references since TCL filed its IPRs. Ericsson could not reasonably be expected to modify its claim construction arguments in district court based on the possibility that TCL would try to add these references five months after its P.R. 3-3 deadline.

other hand, filed its motion after the completion of claim construction and with just over one month left in discovery. Unlike the plaintiff in *Arbitron*, Ericsson could not possibly have taken these references into account when formulating its claim construction positions. Further, TCL's choice to delay filing its motion until just over one month before the close of fact discovery deprived Ericsson of meaningful discovery on these references.

TCL's reliance on *Computer Acceleration* is similarly off-base. In *Computer Acceleration*, the defendant sought to add a single prior art reference roughly one month after its P.R. 3-3 deadline. 481 F. Supp. 2d at 622-23. Here, TCL seeks to add *three* prior art references *five* months after its P.R. 3-3 deadline. Further, in *Computer Acceleration*, the defendant served its amended invalidity contentions over a month before the plaintiff filed its opening claim construction brief. *Id.* at 625-26. Here, TCL served its amended invalidity contentions *after* plaintiff filed its opening claim construction brief. The prejudice to Ericsson from permitting amendment here would be far more significant than was present in *Computer Acceleration* or *Arbitron*.

### D. CONCLUSION

For the reasons stated above, Ericsson requests that TCL's motion be denied.

Dated: October 23, 2015

                                                                                                                                                     MCKOOL SMITH, P.C.

                                                                                                                                                     */s/ Theodore Stevenson, III*
Theodore Stevenson III, Lead Attorney
Texas State Bar No. 19196650
tstevenson@mckoolsmith.com
David Sochia
Texas State Bar No. 00797470
dsochia@mckoolsmith.com
Warren Lipschitz
Texas State Bar No. 24078867
wlipschitz@mckoolsmith.com
Nicholas Mathews

Texas State Bar No. 24085457
nmathews@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
msibley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Laurie L. Fitzgerald
Texas State Bar No. 24032339
lfitzgerald@mckoolsmith.com
Jennifer Van Dusen
Texas State Bar No. 24087087
jvandusen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744


**ATTORNEYS FOR PLAINTIFFS
ERICSSON INC., AND
TELEFONAKTIEBOLAGET LM
ERICSSON**

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 23, 2015.

*/s/ Theodore Stevenson, III*
Theodore Stevenson, III
