# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON, <br><br> Plaintiff, <br><br> v. <br><br> TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., TCT MOBILE LIMITED, AND TCT MOBILE (US), INC., <br><br> Defendant. | Civil Action No.  2:15-cv-00011-RSP <br><br> JURY TRIAL |

## PLAINTIFFS' SURREPLY TO DEFENDANTS' MOTION FOR LEAVE TO AMEND INVALIDITY CONTENTIONS

I.     **TCL'S EXPLANAITION FOR FAILING TO MEET ITS P.R. 3-3 DEADLINE IS UNPERSUASIVE**

When determining whether a party has demonstrated good cause, the first factor courts consider is "the explanation for the party's failure to meet the deadline." Nowhere in its opening or reply brief did TCL provide a single reason why it was unable to locate these publicly available patents before its P.R. 3-3 deadline. TCL's "explanation" for its inability to locate these patents now boils down to three arguments: (1) Ericsson asserted many claims at the outset of this litigation (which it was permitted to do), (2) Ericsson did not identify the conception date of the '931 patent in its P.R. 3-1(e) disclosure (which it was not required to do), and (3) Ericsson responded to TCL's conception date interrogatory after TCL's P.R. 3-3 deadline (even though TCL served this interrogatory after its P.R .3-3 deadline).

First, TCL cannot rely on the number of asserted claims to explain its lack of diligence, as it now concedes that Ericsson was not required to reduce its number of asserted claims under the Model Order until after TCL's P.R. 3-3 deadline.

Second, contrary to TCL's argument, *EMG Tech, LLC v. Chrysler Group, LLC* makes clear that P.R. 3-1(e) requires the disclosure of a patent's ***priority date***, not its ***conception*** date. TCL argues that *EMG* is distinguishable because the plaintiff in *EMG* sought leave to amend its infringement contentions to identify its conception date, while Ericsson has not. But this is an irrelevant distinction, as the *EMG* court held that the plaintiff ***was not required to amend its infringement contentions*** to identify its alleged conception date. In *EMG*, the plaintiff sought leave to amend its infringement contentions to identify its conception date "to avoid any possible issue regarding whether the identification of the 'priority date' must include the 'conception date' identified through Rule 3-2(b) disclosures." *Id*. at *6. The defendant argued, like TCL, that

"'priority date' is a term of art in patent law that is not limited to application filing dates on the face of a patent application," and that the patentee should have already disclosed "the specific date it purports to rely on in its P.L.R. 3-1 disclosure to put defendants on notice of the 'target' date for preparing invalidity contentions under P.L.R. 3-3." *Id*. at *6-7. The court rejected this argument, explaining that P.R. 3-1(e) makes clear "that the priority date provided pursuant to P.R. 3-1 is related to claiming priority to an earlier application," and held that the "Plaintiff has complied with the local patent rules and *there is no need for Plaintiff to amend its infringement contentions to list an earlier date*." *Id*. at *6-7 (emphasis added).

Third, TCL persists in arguing that Ericsson is at fault for TCL's delay because Ericsson supplemented its interrogatory response to TCL's conception date interrogatory well after TCL's P.R. 3-3 deadline. But TCL did not serve this interrogatory until after its P.R. 3-3 deadline. TCL's tactic, if permitted, would lead to the absurd result that a defendant could effectively extend its P.R. 3-3 deadline by serving an interrogatory for identification of a conception date after its P.R. 3-3 deadline. TCL could have served this interrogatory before its P.R. 3-3 deadline; it chose not to do so. Further, the three patents TCL hopes to add would have been prior art under either the priority date identified in Ericsson's P.R. 3-1(e) disclosure or Ericsson's contended conception date.

TCL has failed to provide any reasonable explanation for its delay. Notably, TCL failed to address why the facts here are different from those in *Innovative Display Techs. v. Acer Inc.*, No. 2:13-cv-00522-JRG, 2014 U.S. Dist. LEXIS 83196, at *5 (E.D. Tex. June 19, 2014), where Judge Gilstrap denied leave to amend because the defendants "failed to explain why, with reasonable diligence, they could not have discovered such arts prior to the deadline for filing Invalidity Contentions." *Id*. For the same reasons, TCL's motion should be denied.

## II. TCL'S AMENDMENT WILL PREJUDICE ERICSSON

Ericsson will be prejudiced by TCL's untimely amended invalidity contentions. TCL suggests the prejudice to Ericsson would be minimal because (1) TCL seeks only to add two new prior art theories and (2) Ericsson was aware of TCL's new invalidity theories when it developed its claim construction positions. Both claims are demonstrably false. TCL may seek to add only two new prior art references, but it seeks to add countless new invalidity theories never previously disclosed to Ericsson. Further, TCL did not disclose these references to Ericsson in any form until after Ericsson had already formulated and presented its claim construction positions to TCL.

TCL argues that Ericsson was "well aware" of TCL's theories regarding Palatsi and Capps from TCL's IPRs, but TCL's proposed amended invalidity contentions include a new anticipation theory and a slew of new obviousness combinations not identified in TCL's IPRs. Indeed, for the first time in its amended invalidity contentions, TCL argued that Palatsi anticipates all asserted claims of the '931 patent. TCL made no such claim in its IPR, arguing only that Palatsi renders the asserted claims obvious when combined with European Patent Application EP 0 721 272 ("Tiilikainen")[1] and/or U.S. Patent No. 4,566,001. (Lipschitz Dec Ex. 1). This new theory was first disclosed to Ericsson after it served its opening claim construction brief.

In addition, TCL hopes to assert countless new obviousness combinations. TCL's amended invalidity contentions include open-ended language enabling TCL to combine Palatsi

---

[1] Notably, TCL never previously identified and has not sought leave to add the Tiilikainen reference. TCL's amended invalidity contentions initially identified six new references: Capps, One Touch, Palatsi, Pisutha, Stephan, and Tiilikainen. TCL has moved only to add Palatsi and Capps to its invalidity contentions. Thus, Ericsson understands that TCL has withdrawn its invalidity contentions for One Touch, Pisutha, and Tiilikainen. In its reply brief, TCL noted that it included the Stephan reference in its initial invalidity contentions. Ericsson disagrees that TCL's invalidity contentions with respect to Stephan were sufficient under P.R. 3-3.

and Capps with *any combination* of previously identified prior art references. For example, in its proposed amended invalidity contentions for the Iwata reference, TCL states that "Capps, by itself or in combination with one or more of the references cited herein," discloses asserted claim 4. (Lipschitz Dec. Ex. 2). Given that TCL cited fourteen other references for claim 4 alone and used the same non-limiting language for each reference, TCL's amended contentions amount to thousands of new obviousness combinations. Similarly, in its proposed invalidity contentions for Palatsi, TCL proposes that Palatsi be combined with *twenty-nine* other references, in any combination, to render the asserted claims obvious. None of these obviousness combinations were disclosed to Ericsson before Ericsson served its opening claim construction brief.

Thus, Ericsson could not possibly have taken into account TCL's new invalidity theories when it developed its claim construction positions, as they were ***not*** disclosed in TCL's filed IPRs. Notably, TCL was unable to find a single case where a court granted a motion to amend invalidity contentions at this late stage – five months after the defendant's P.R. 3-3 deadline and after the plaintiff had already served its opening claim construction brief.

## III. TCL FAILS TO DEMONSTRATE WHY PALATSI AND CAPPS ARE DIFFERENT FROM ITS OTHER PRE-1997 REFERENCES

TCL claims that Palatsi and Capps are "vital" to its invalidity defense, but fails to explain how they are different from any of the other twelve allegedly anticipatory references TCL claims predate Ericsson's claimed conception date.[2] TCL attempts to differentiate Capps and Palatsi from only one prior art reference, U.S. Patent No. 6,363,289 ("Larsen"), arguing that Capps and

---

[2] TCL asserts at least the following references anticipate all asserted claims of the '931 patent *and predate Ericsson's claimed conception date*: (1) U.S. Patent No. 5,465,401, (2) U.S. Patent No. 5,616,384, (3) U.S. Patent No. 5,526,422, (4) U.S. Patent No. 5,543,588, (5) U.S. Patent No. 5,452,240, (6) U.S. Patent No. 4,566,001, (7) Sears et al., "A new era for touchscreen applications: High precision, dragging icons, and refined feedback," (8) IBM Simon User Guide, (9) IBM Simon Device, (10) Apple Newton MessagePad Handbook, (11) Apple Newton MessagePad device, and (12) AT&T EO Personal Communicator.

4

Palatsi are necessary to its invalidity case because Ericsson's conception date predates Larsen's priority date. But contrary to the representation in TCL's reply brief, TCL maintains that this prior art reference predates Ericsson's claimed conception date. Ericsson alleges that the conception date of the '931 patent is February 19, 1997. In its invalidity claim chart for the Larsen reference, TCL alleges that Larsen claims "priority back to November 22, 1996." (Lipschitz Dec. Ex. 3, p. 1). TCL fails to explain this discrepancy and makes no mention of the other twelve references cited below. Thus, TCL has failed to demonstrate the importance of its amendment.

## IV. CONCLUSION

The issue here is simple. By no fault of Ericsson, TCL failed to locate two publicly available patents in its initial patent search. TCL then waited five months, until after the claim construction hearing, to move to add these references. TCL has failed to explain why it could not locate these references earlier or how these references are different from the other twelve references it maintains anticipate the '931 patent. TCL's delay is inexcusable and will prejudice Ericsson, and for these reasons, its motion should be denied.

Dated: November 11, 2015
        **MCKOOL SMITH, P.C.**

        */s/ Theodore Stevenson, III*
        Theodore Stevenson III, Lead Attorney
        Texas State Bar No. 19196650
        tstevenson@mckoolsmith.com
        David Sochia
        Texas State Bar No. 00797470
        dsochia@mckoolsmith.com
        Warren Lipschitz
        Texas State Bar No. 24078867
        wlipschitz@mckoolsmith.com
        Nicholas Mathews

Texas State Bar No. 24085457
nmathews@mckoolsmith.com
Mitchell R. Sibley
Texas State Bar No. 24073097
msibley@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
**MCKOOL SMITH, P.C.**
P.O. Box O
Marshall, Texas 75671
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Laurie L. Fitzgerald
Texas State Bar No. 24032339
lfitzgerald@mckoolsmith.com
Jennifer Van Dusen
Texas State Bar No. 24087087
jvandusen@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 W. 6th Street, Suite 1700
Austin, TX 78701
Telephone: (512) 692-8700
Telecopier: (512) 692-8744

**ATTORNEYS FOR PLAINTIFFS ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on November 11, 2015.

                                    */s/ Theodore Stevenson, III*
                                    Theodore Stevenson, III