# EXHIBIT 1

Morgan, Lewis & Bockius LLP
1000 Louisiana Street, Suite 4000
Houston, Texas 77002
Tel.  +1.713.890.5000
Fax: +1.713.890.5001
www.morganlewis.com

**Morgan Lewis**

**Winstol D. Carter, Jr.**
+1.713.890.5140
wcarter@morganlewis.com

November 23, 2015

**VIA ECF**

Hon. Roy S. Payne
United States District Court Eastern District of Texas
Marshall Division
100 E. Houston Street
Marshall, Texas 75670

Re:   Ericsson Inc., *et al* v. TCL Communication Technology Holdings Ltd., *et al*. –
      Case No.: 15-CV-00011-RSP – Reply to Ericsson's Response to TCL's Letter Brief
      Seeking Permission to File Dispositive Motion of Invalidity of United States Patent
      7,149,510

Dear Judge Payne:

      Defendants TCL Communication Technology Holdings Ltd., TCT Mobile Limited and TCT Mobile (US), Inc. (collectively, "TCL") respectfully submit this reply to Ericsson's response (ECF 151-1) to TCL's letter brief (ECF 136-1) requesting permission to file a dispositive motion that United States Patent No. 7,149,510 ("the '510 patent") is invalid for claiming ineligible subject matter.

      Ericsson takes issues with what it characterizes as "Defendants' oversimplification" and "improper[] boil[ing] . . . down" of the claims.  (ECF 151-1 at 2).  Ericsson's gripe is without merit.  When assessing subject matter eligibility under § 101, the Federal Circuit has examined claims in their "simplest form" to identify the "basic concept," analyzed the "relevant limitation," and identified the "essen[ce]" of the claims.  *See Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333 (Fed. Cir. 2012); *OIP Technologies, Inc. v. Amazon.com, Inc.*, 788 F.3d 1359, 1361 (Fed. Cir. 2015); *Accenture Global Services, GmbH v. Guidewire Software, Inc.*, 728 F.3d

Morgan Lewis

The Honorable Roy S. Payne
November 23, 2015
Page 2

1336, 1345 (Fed. Cir. 2013); *Ultramercial v. Hulu*, 772 F.3d 709, 714 (Fed. Cir. 2014), *cert. denied*, 135 S. Ct. 2907 (2015) (analyzing abstract idea at the "heart" of computer claims).

In support of its argument Ericsson relies heavily on the specification without showing specifically that the portions of the specification on which it relies are *required by the claims*. (ECF 151-1 at 3) (relying on Fig. 1 of the '510 patent). Indeed, Ericsson argues that "[t]he '510 patent provides a technical solution to a technical problem – how to design a platform for a cell phone that (1) allows users to safely install third-party applications that may try to access sensitive services on a user's phone . . . and (2) enables permission granularity." (ECF 151- at 3). Neither of these two purported technical solutions that Ericsson identifies, albeit without citing to specific support in the '510 patent, are recited in *the claims* themselves, and Ericsson does not argue otherwise. Indeed, claim 1 of the '510 patent, one of Ericsson's *final asserted claims* against TCL, and the only asserted independent claim of the '510 patent, does **not** recite "a hardware component." However, Ericsson relies on precisely this component (among other unsupported assertions) in its argument (ECF 151-1 at 3) ("a hardware component"). This highlights the impropriety of Ericsson's approach. The proper inquiry into subject-matter eligibility focuses on the claims themselves, not on speculative "technical solutions" removed from, or at best having a tenuous relationship with, the claims. *Accenture*, 728 F.3d at 1345 ("the *important inquiry for a § 101 analysis* is to look to the *claim*," not the specification) (emphasis added).

Notwithstanding, the list of "components" (ECF 151-1 at 4) that Ericsson regurgitates are merely generic software/hardware modules that cannot transform an otherwise ineligible idea into patent-eligible subject matter. *See, e.g., Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1348-49 (Fed. Cir. 2015); *Ultramercial*, 772 F.3d at 716-17; *Accenture*, 728 F.3d at 1345; *Content Extraction & Transmission LLC v. Well Fargo Bank, N.A.*, 776 F.3d 1343, 1346-49 (Fed. Cir. 2014); *Intellectual Ventures v. Captial One Bank (USA), N.A.*, 792 F.3d 1363, 1366, 1369-70 (Fed. Cir. 2015). Such generic modules are no more than insignificant, pre- or post-solution activity that impose no meaningful limitation on the broad scope of the '510 patent claims. In other words, such limitations, and Ericsson's argument that the '510 patent claims are "for a specific type of access controller directed at controlling an applications' access to underlying platform resources" (ECF 151-1 at 4) (emphasis added), cannot save the claims from invalidity under the current *Alice/Mayo* framework. *See, e.g., Mayo Collaborative Servs. v. Prometheus Labs, Inc.*, 132 S. Ct. 1289, 1298 (2012) (claim not rendered patent-eligible by "[extra] solution activity"); *Bilksi v. Kappos*, 561 U.S. 593, 610-11 (2010) (limiting claims directed to a hedging principle to the energy markets did not render the claims patent-eligible); *Dealertrack*, 674 F.3d 1334 (limiting claims directed to clearinghouse concept to auto loan applications did not render the claims patent-eligible); *Ultramercial*, 772 F.3d at 711-12 (reciting certain "media product[s]" did not anything inventive). Moreover, the "software services component" that Ericsson argues "correspond[s] to hardware blocks" (ECF 151-1 at 3) is a non-

Morgan Lewis

The Honorable Roy S. Payne
November 23, 2015
Page 3

inventive component nonetheless, and cannot save ineligible claims from invalidity under § 101. *See, e.g., Alice Corp. Pty. Ltd. v. CLS Bank International*, 134 S. Ct. 2347, 2357-59 (2014).

Finally, Ericsson's effort to analogize its claims to the patent-eligible claims in *DDR Holdings* is unconvincing. In *DDR Holdings*, the claimed invention "provided an Internet-based solution to solve a problem *unique to the Internet*." *Intellectual Ventures*, 792 F.3d at 1371 (explaining reasons why the claims in *DDR Holdings* were patent-eligible) (emphasis added); *DDR Holdings v. Hotels.com, L.P.*, 773 F.3d 1245 (Fed. Cir. 2015). Here, Ericsson admits that "the idea of security, and even computer security, existed prior to the '510 patent," but argues that the "underlying platform" (*i.e.,* "a device") somehow saves the claims from ineligibility. (ECF 151-1 at 4). Such a field of use limitation, however, cannot transform an otherwise ineligible idea into a patent-eligible claim. *See Alice*, 134 S. Ct. at 2355-57; *Ultramercial*, 772 F.3d at 715; *Accenture*, 728 F.3d at 1345. Therefore, Ericsson's argument fails.

Defendants respectfully request leave to file a dispositive motion of invalidity under § 101.

Respectfully submitted,


 /s/ *Winn D. Carter*
Winstol D. Carter, Jr.

Counsel for TCL Communication Technology Holdings Ltd., TCT Mobile Limited, and TCT Mobile (US), Inc.