IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ERICSSON INC., AND TELEFONAKTIEBOLAGET LM ERICSSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TCL COMMUNICATION TECHNOLOGY HOLDINGS, LTD., TCT MOBILE LIMITED, AND TCT MOBILE (US), INC.,<br><br>*Defendants*. | Case No. 2:15-cv-00011-RSP |

## **MEMORANDUM ORDER**

Before the Court is Defendants'[1] Motion to Stay Pending *Inter Partes* Review. (Dkt. No. 203; "Motion to Stay"). Plaintiff Ericsson Inc. and Telefonaktiebolaget LM Ericsson (collectively, "Ericsson") oppose the Motion to Stay.

## **I. LAW**

A district court has the inherent power to control its own docket, including the power to stay proceedings before it. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). How to best manage the court's docket "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936); *Gonzalez v. Infostream Grp., Inc.*, Case No. 2:14-cv-906, Dkt. No. 45 (E.D. Tex. Mar. 2, 2015). In particular, the question whether to stay proceedings pending inter partes review of a

---

[1] "Defendants" or "TCL" refers to TCL Communication Technology Holdings Ltd., TCT Mobile Limited, and TCT Mobile (US), Inc.

1

patent is a matter committed to the district court's discretion. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426–27 (Fed. Cir. 1988) (request for stay pending inter partes reexamination). A stay is particularly justified when "the outcome of a PTO proceeding is likely to assist the court in determining patent validity or eliminate the need to try infringement issues." *NFC Techs. LLC v. HTC Am., Inc.*, Case No. 2:13-cv-1058-WCB, Dkt. No. 152, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015); *see also Evolutionary Intelligence, LLC v. Millennial Media, Inc.*, No. 5:13-cv-4206, 2014 WL 2738501 (N.D. Cal. June 11, 2014); *see also 3rd Eye Surveillance, LLC v. Stealth Monitoring, Inc.*, No. 6:14-cv-162, 2015 WL 179000, at *1 (E.D. Tex. Jan. 14, 2015).

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs.*, 2015 WL 1069111 at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

## II. ANALYSIS

Between July 14, 2015 and August 28, 2015, TCL filed seventeen *inter partes* review ("IPR") petitions requesting review of all claims of all asserted patents. (Dkt. No. 203-2 at ¶ 2). The Patent Trial and Appeal Board ("PTAB") has subsequently instituted review of all seventeen petitions. (Dkt. No. 263-1 at ¶ 2). TCL moves to stay this case pending resolution of these IPR proceedings. (Dkt. No. 203).

## A. Undue Prejudice

TCL argues that Ericsson will not suffer prejudice because Ericsson does not practice the patents-in-suit and because Ericsson and TCL are not direct competitors. TCL contends that, although Ericsson may suffer some delay in enforcing its patent rights, the plaintiff's interest in the timely enforcement of its patents is "present in every case in which a patentee resists a stay, and it is therefore not sufficient, standing alone, to defeat a stay motion." *NFC Techs*, Dkt. No. 152 at 5.

Ericsson responds that it would suffer prejudice if this case is stayed for three reasons. *First*, Ericsson argues it would be prejudiced because this case is close to trial. However, the stage of the proceedings is considered as part of the second factor of the *NFC Techs* framework. Ericsson raises no specific arguments relevant to the prejudice prong of the inquiry.

*Second*, Ericsson argues that it "may suffer prejudice from loss of evidence between now and an eventual trial" and contends this concern is entitled to weight despite Ericsson's admitted failure to identify any "specific threats to evidence." (Dkt. No. 211 at 16–17). Both fact and expert discovery have concluded in the "Track I" schedule in this case, and fact discovery has concluded in the "Track II" schedule. *See* (Dkt. No. 233). Thus both parties have had the opportunity to seek production of relevant documents and to depose witnesses. It is not clear what evidentiary prejudice, if any, Ericsson would suffer.

*Third*, Ericsson argues "a stay would place Ericsson at a tactical disadvantage due to TCL's delay in filing its IPR petitions." (Dkt. No. 211 at 17). Here again, all of Ericsson's arguments pertain to the stage of the proceedings, which the Court will consider as part of the second *NFC Techs* factor.

Absent a showing of any specific prejudice, this factor is neutral.

### B. Stage of Proceedings

Ericsson argues the stage of these proceedings weighs against a stay. In particular, Ericsson points to the proximity to trial and to LG's alleged delay in filing its IPR petitions. (Dkt. No. 211 at 7–13).

Ericsson is correct that the parties are "amid final trial preparation and within two months of the trial date that has been set for more than 10 months." (*Id.* at 8). The late stage of this case weighs against a stay, as the parties have already expended significant time and resources litigating.

Ericsson also argues that TCL has not been diligent in filing its IPR petitions. Ericsson notes that the complaint was served January 15, 2015, but also argues that "TCL first received complaints for infringement of the patents-in-suit on October 7 and 21, 2014" in connection with a different litigation. (*Id.* at 11). The Court does not consider the timing of TCL's notice of a complaint in a different case especially probative. The question of TCL's diligence is relevant to whether TCL's inaction caused undue delay in this case, and whether any such delay resulted in an improper strategic advantage for TCL in this case. Accordingly, the relevant question is whether TCL was diligent in filing IPR petitions between July 14, 2015 and August 28, 2015 after being served with the complaint January 15, 2015 (a delay of approximately 6–7 months). Although this is not a short span of time, "[g]iven the complexity entailed in seeking *inter partes* review, a delay of seven and one-half months from the filing of the complaint is not unreasonable." *NFC Techs*, Dkt. No. 152 at 7. The Court is persuaded that TCL was reasonably diligent in preparing its seventeen IPR petitions under the circumstances of this case, and Ericsson identifies no evidence of bad faith or intentional delay.

Although the Court finds that TCL was reasonably diligent, the Court concludes that the advanced stage of this case weighs against a stay.

### C. Issue Simplification

Finally, the Court considers the extent to which a stay would simplify the issues in the case. When IPR is instituted on all asserted claims and when all defendants are bound by the estoppel provisions of 35 U.S.C. § 315, this factor generally favors a stay: "since the circuit court's decision in *VirtualAgility*, courts have been nearly uniform in granting motions to stay proceedings in the trial court after the PTAB has instituted *inter partes* review proceedings." *NFC Techs*, Dkt. No. 152 at 12.

Here, the PTAB has instituted seventeen IPRs covering all asserted claims. Many asserted claims are subject to multiple IPRs. Accordingly, it is likely that some or all claims will be invalidated. To the extent claims are not invalidated, the IPR proceedings will likely remove prior art references from this case under 35 U.S.C. § 315(e)(2). LG also identifies specific claim construction disputes that have been recently identified by the parties in connection with these IPRs. *See* (Dkt. No. 263). It is plausible that these new disputes would require further claim construction proceedings in this case; the claim construction positions taken by the parties before the PTAB may inform subsequent claim construction proceedings in this Court.

Accordingly, the Court finds that there is a high likelihood of issue simplification in this case. This factor weighs heavily in favor of a stay.

## III. CONCLUSION

TCL's Motion to Stay Pending IPR (Dkt. No. 203) is **GRANTED** and this case is **STAYED**. The Parties are directed to submit a joint motion on the status of the case no later than **TEN DAYS** after the PTAB issues a final written decision with respect to any IPR filed by TCL concerning any asserted patent(s).

**SIGNED this 23rd day of March, 2016.**

                                                          _____
                                                          ROY S. PAYNE
                                                          UNITED STATES MAGISTRATE JUDGE